**Entered on Docket**
**June 26, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: June 26, 2020**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ERLINDA ABIBAS ANIEL,<br><br>          Debtor. | ) Bankruptcy Case<br>) No. 19-30385-DM<br>)<br>) Chapter 11<br>)<br>) Date:  May 1, 2020<br>) Time:  10:30 a.m.<br>) Place: Courtroom 17<br>)       450 Golden Gate Ave.<br>)       16th Floor<br>)       San Francisco, CA |

**MEMORANDUM DECISION REGARDING DEBTOR'S OBJECTION
TO THE CLAIM OF HSBC BANK USA**

On April 9, 2019, Erlinda Abibas Aniel ("Debtor") filed the underlying chapter 11 case. She was previously a joint debtor with Fermin Solis Aniel in Case No. 09-30452 (the "First Case"), which was filed on February 25, 2009 and terminated on January 18, 2019. On August 7, 2019, HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 ("HSBC") filed a proof of claim (the "2019 POC") asserting a secured claim in the amount of $3,660,951.11. *See* POC No. 3-1.

1

On August 27, 2019, Debtor filed an objection (dkt. 64) to the 2019 POC (the "Objection"). On April 2, 2020, HSBC filed a motion for summary judgment (dkt. 94) ("MSJ") arguing that Debtor's Objection should be overruled as a matter of law. Debtor opposed the MSJ (dkt. 102). The court held a hearing on the Objection and the MSJ on May 1, 2020, and took the matters under advisement. For the reasons set forth below, the court is overruling Debtor's Objection to the 2019 POC claim and granting HSBC's MSJ.[1]

I. THE UNDERLYING LOAN DOCUMENTS

In 2007, Debtor executed a Flex Pay Fixed/Adjustable Rate Note (the "Note") in the amount of $2 million payable to Mortgageit, Inc. *See* Declaration of Gina Feezer in support of the MSJ (the "Feezer Decn.") at dkt. 94-2; *see* also Exhibit A to the Feezer Decn. at dkt 94-2, ECF pg. 6-11). The Note provided that monthly payments were to be sent to GMAC Mortgage, LLC "GMAC") at a P.O. Box in Waterloo, Iowa. Feezer Decn. at ECF pg. 6. Mortgageit, Inc. is a wholly-owned, indirect subsidiary of DB Structured Products, Inc., which subsequently transferred the Note to HSBC. Feezer Decn. at dkt. 94-2, ¶¶ 5-6; *see* also Exhs. B1 and B2 to the Feezer Decn. HSBC's current servicer is PHH Mortgage Corporation and its prior servicers were Ocwen Loan Service ("Ocwen") and GMAC. *Id.* at ¶¶ 8 and 9.

The Note was secured by a deed of trust (the "DOT") on Debtor's residence in Hillsborough. (Claim Dkt. 3-1 at ECF pgs.

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

2

99-114). Mortgageit was the named beneficiary of the DOT. *Id.* The custodian of the loan documents is Deutsche Bank National Trust Company ("Deutsche"). *Id.*

## II. DEBTOR'S FIRST CASE

In the First Case, GMAC filed a proof of claim as the servicing agent for HSBC in the amount of $1,105,196.75. *See* Claim No. 21-1 in the First Case. Several months later, HSBC filed its own secured claim in the First Case, which it amended twice. *See* Claim Nos. 22-1, 22-2, and 22-3 in the First Case. The last amended claim filed on May 21, 2010, reflected a secured claim in the amount of $2,442,671.39. *See* Claim 22-3 in the First Case.

On October 9, 2009, Debtor and her co-debtor filed a Motion to Object and Dismiss Proof of Claim Filed by GMAC (dkt. 78 in the First Case). The court held a hearing on this motion/claim objection on June 10, 2010. The court was presented with and reviewed the original versions of the Note and DOT. The court determined that the Note and DOT were valid and enforceable:

> Based upon the record, I find that the originals of the note and deed of trust that are presented by counsel at this hearing and shown to the witness are in fact the original notes and deed — note and deed of trust signed by Ms. Aniel. Her evasive answer and her unwillingness to admit that it's her signature, but her unwillingness to deny it is just — is just a pretext to try to avoid her liability. In my experience a person confronted with the original copy of the document that purports to be that person's signature might have a right to question whether it's forged or disputed but has to take a position rather than equivocate about it. And Ms. Aniel was unwilling to deny but she's unwilling to admit. In my opinion, the bank has carried its

3

> burden and has to my satisfied provided the original document. So I find that the note and deed of trust that are the subject of this objection are in fact authentic.

*See* Transcript of Hearing re Motion for Miscellaneous Relief (Motion for Leave of Court to File Adversary Proceeding, Case No. 09-30452, dkt. 336, pgs. 47-49 (emphasis added)).

This court further found that Debtor presented "no bona fide challenge" to the Note and DOT. *Id.* More significantly, this court found that the "operative documents" -- which are the same documents at issue in this case - "constitute an obligation of the [D]ebtor and debtors, and in fact constitute an encumbrance on the property in Hillsborough occupied by [Debtor] and her family." *Id.* This court further concluded Debtor owed all unpaid monthly mortgage payments from July 2008 through the time of its ruling. *Id.* As in the First Case, Debtor still refuses to state that she has made any of those delinquent payments, nor will she state on the record that she has made any payments on the Note since that time and through the hearing on May 1, 2020.

Finally, the court found that Debtor had failed to pay property taxes, causing her lender to make those payments. Debtor has not presented any evidence that she has made any subsequent tax payments.

After considering all of the relevant documents, the court concluded that the Note and DOT were valid and enforceable:

> If Ms. Aniel persists in her view that the claim is unsecured and wants to do something about it, you know that's her business. I'm making a determination

4

> to the contrary and would be prepared and have made my findings on the record of the minimal amount of which the secured claim is allowable.

See Transcript of Hearing re Motion for Miscellaneous Relief in the First Case, dkt. 336 at pgs. 47-49 (emphasis added). Before a final order could be entered on this ruling, the First Case was converted to chapter 7 and subsequently closed.[2]

III. DEBTOR'S CURRENT CLAIM OBJECTION

In the Objection, Debtor contends that HSBC has provided no evidence that it "has the authority to bring the claim, as required by Federal Rule of Bankruptcy Procedure 3001(c), rendering the claim facially defective." In particular, Debtor argues that HSBC provided no evidence of current ownership of the Note, challenges the chain of assignment of the Note and DOT, disputes the authenticity of the Note, and asserts that the debt has been paid in full based on a Mortgage Interest Statement from Ocwen, indicating that $2,056,816.02 in principal

---

[2] Two years after this court held that HSBC was in possession of a valid note and DOT executed by Debtor, she (with her spouse and son) filed two claims in the chapter 11 case of Residential Capital, LLC (Case No. 12-12020 in the United States Bankruptcy Court for the Southern District of New York ("SDNY-BK")). Following a trial, the SDNY-NY held that the DOT is not void and that HSBC had the authority to commence foreclosure proceedings against the property. The SDNY-BK further observed that while Debtor "alleged, in generalized terms, that [GMAC] engaged in the practice of fabricating documents, no evidence supports this claim." See SDNY-BK's Memorandum Opinion and Order filed by Debtor in this case at dkt. 113, ECF pg. 10. The SDNY-BK also concluded that GMAC "lawfully possessed the right to initiate foreclosure proceedings against [Debtor} and did no wrong by doing so." Id. at ECF pg. 13.

5

and $7,503.94 in interest had been paid in 2013. *See* Exhibit B to Objection to Claim at dkt. 64.

At a status conference held on February 28, 2020, HSBC once again presented the original Note and DOT to the court. The court examined and made copies of these documents and told HSBC's counsel that he would not be required to bring the original documents to any future hearing. *See* Declaration of Adam Barasch in support of the MSJ at dkt. 94-3 at ¶ 8.

IV. HSBC's MOTION FOR SUMMARY JUDGMENT

In its MSJ, HSBC contends that Debtor's claims and causes are barred under the doctrine of issue preclusion, also known as collateral estoppel, citing rulings adverse to Debtor by both this court and the SDNY-BK. While HSBC asserts that Debtor's claim objection is precluded, at least in part, by the SDNY-BK's decision, this court need not reach that issue, as this court's factual findings and legal conclusions reached in the First Case are still applicable. No grounds have been demonstrated for revisiting the settled issues as to the legitimacy of the Note and DOT.

As noted previously, this court has examined the Note and DOT in both this case and the First Case. In the First Case, following an evidentiary hearing at which the original documents were presented, the court concluded that both documents were valid and enforceable. Even though the current case was filed shortly after the First Case was closed and thus is not the same case, the disputes over the validity of HSBC's proof of claim in each case involve the same parties, the same legal issues, and

6

the same factual issues. Having already reviewed the Note and DOT and determining their validity, this court does not need to examine them once again to reach the same conclusion. Debtor presents no new or intervening facts or applicable law that would justify the court departing from its prior holdings, apart from Debtor's argument that the underlying debt has been paid in full based on a 2013 Mortgage Interest Statement from Ocwen. The only apparent support for that contention is found in para. 17 of the Objection. There, Debtor states that the HSBC "debt has been paid in full, cancelled and discharged in 2013 based on the reported 1098 IRS Form (See Ex. B)." Then she calls HSBC's efforts "bad faith to collect a paid-off, cancelled and discharged debt."

The unauthenticated IRS form is of <u>no</u> probative value. Its presence in the record does not establish a material factual dispute. Nothing states the debt has been paid in full, that it has been cancelled or that it has been discharged (Debtor's personal discharge in the First Case is irrelevant to HSBC's enforcement of its secured claim against Debtor's residence).

That argument is not well-taken, as Debtor refused to state on the record at the hearing on May 1, 2020, that she or anyone acting on her or her co-borrower's behalf has made a single payment on the Note since August 2008. Further, Ms. Feezer is unequivocal in her statement that Debtor has been in default on the Note since 2008. Feezer Decn, at dkt. 94-2, at para. 14.

Debtor has repeatedly and incorrectly argued that assignments of the Note and DOT are ineffective. Both this

7

court and the SDNY-BK have rejected this contention. But even if this court concluded that the assignments were invalid, the assignor would still retain its rights and be able to pursue its *in rem* remedies against the property. *See Lane v. The Bank of New York Mellon (In re Lane)*, 2020 WL 2832270 (9th Cir. June 1, 2020)(disallowance of a proof of claim due to the claimant's lack of standing does not justify voiding a lien; the lien rights of the assignor who has not appeared in the case survive the disallowance of the claim of the assignee).

V. CONCLUSION

For the reasons stated above, the court will overrule Debtor's Objection and grant the MSJ. Counsel for HSBC should upload an order allowing its POC, consistent with and for the reasons stated in this memorandum decision. Counsel should file a separate declaration indicating that he has complied with B.L.R. 9021-1(c) prior to uploading the order.

***END OF MEMORANDUM DECISION***

COURT SERVICE LIST

Erlinda Abibas Aniel
75 Tobin Clark Drive
Hillsborough, Ca 94010